IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| VGM FINANCIAL SERVICES,<br><br>        Plaintiff,<br><br>vs.<br><br>VARINDER K. SINGH, M.D., P.C.<br>and VARINDER K. SINGH,<br><br>        Defendants.<br><br>-------------------------------------------------<br><br>VARINDER K. SINGH, M.D., P.C.<br>and VARINDER K. SINGH,<br><br>        Counter Plaintiffs and<br>        Third-Party Plaintiffs,<br><br>vs.<br><br>VGM FINANCIAL SERVICES,<br><br>        Counter Defendants,<br><br>and<br><br>CYNOSURE, INC.<br><br>        Third-Party Defendant. | No. C09-2017<br><br>ORDER AMENDING JUDGMENT<br>OF DISMISSAL |

This matter comes before the Court on the Motion to Modify Dismissal Order (docket number 18) filed by the Plaintiff on July 7, 2009; the Response (docket number 19) filed by the Defendants on July 20; and the Reply (docket number 20) filed by the Plaintiff on July 24. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## RELEVANT FACTS

On February 4, 2009, Plaintiff VGM Financial Services ("VGM") filed a Petition at Law in the Iowa District Court for Black Hawk County, seeking damages against Defendants Varinder K. Singh, M.D., P.C., and Varinder K. Singh (collectively "Singh") for an alleged breach of contract. On March 3, the action was removed to the United States District Court for the Northern District of Iowa. On March 10, Singh filed an answer, including a counterclaim against VGM and a third-party claim against Cynosure, Inc. On March 28, VGM filed an answer to the counterclaim. On April 16, Cynosure filed an answer to the third-party complaint.

On June 16, the Clerk of Court filed a "notice of dismissal," which stated in its entirety:

> This action is dismissed pursuant to Local Rule 41, a copy of which is attached, unless appropriate action is taken by or no later than June 30, 2009.

*See* Notice of Dismissal (docket number 16). Attached to the notice were copies of Local Rules 41 and 16, and instructions for the preparation of a scheduling order and discovery plan. (*See* docket numbers 16-2 through 16-4)

On July 2, the Clerk of Court filed a Dismissal Order (docket number 17), stating that "[a]ppropriate action was not taken in this case within the time provided in the Court's Order dated June 16, 2009." Accordingly, the Clerk of Court ordered "[t]hat Plaintiff takes nothing and this action is dismissed with prejudice." On July 7, Plaintiff filed the instant motion, requesting that the Court "modify the Dismissal Order so that the case is dismissed *without* prejudice." (Italics in original)

## DISCUSSION

### A. The Local Rules

Pursuant to Local Rule 81.b, "[w]ithin 90 days after the filing of a petition for removal, counsel for the parties must submit to the Clerk of Court for approval by a magistrate judge a proposed Rule 16(b) and 26(f) scheduling order and discovery plan prepared in accordance with the requirements of Local Rule 16." The notice of removal

was filed in this case on March 3, 2009. Accordingly, submission of the proposed scheduling order and discovery plan was required by June 1, 2009. Counsel did not submit a proposed scheduling order and discovery plan by that date, or ever.

Local Rule 41.b provides, in pertinent part, as follows:

> After giving the parties the notice prescribed in section "d" of this rule, the Clerk of Court will, in the following circumstances, enter an order dismissing a civil action without prejudice:
>
> . . .
>
> 4.     Where a deadline set for the performance of any act required by the Federal Rules of Civil Procedure, the Local Rules, or an order of the court has been exceeded by more than 30 days and an extension of time has been neither requested nor granted.

*See* Local Rule 41.b.4. The deadline for submitting a proposed scheduling order and discovery plan was June 1. Accordingly, this case was subject to dismissal pursuant to Rule 41.b.4, if the proposed order was not submitted by July 1 -- 30 days after the deadline.

Prior to dismissal, however, Rule 41.b requires the Clerk of Court to first give the parties the notice required by Rule 41.d. Rule 41.d states that at least 14 days before dismissing a case under Rule 41.b, the Clerk of Court will provide the parties with a notice, stating that the case will be dismissed unless appropriate action is taken. As set forth above, the Clerk served the Rule 41.d notice on June 16, indicating that the case would be dismissed unless appropriate action was taken by June 30. When no action was taken by that date, or by July 1 (30 days after the proposed scheduling order and discovery plan was due), the Clerk entered the dismissal order on July 2.

### B.  *"With Prejudice" or "Without Prejudice"*

The dismissal order filed by the Clerk of Court was entered pursuant to Local Rule 41.b. The Rule provides that when dismissing an action for failure to comply with a deadline, the Clerk of Court will dismiss the action "without prejudice." Notwithstanding

the plain language of the Rule, the dismissal order filed by the Clerk dismissed the action "with prejudice." VGM does not dispute that dismissal was authorized under the Local Rules, but argues that the Clerk of Court lacked the authority to enter the dismissal "with prejudice."

In her response, Singh initially complains that VGM did not identify the federal rule of civil procedure upon which it relies. In its reply, VGM states that the motion "was intended as a Rule 59(e) motion to alter or amend a judgment," and concedes that some confusion could have been avoided if it had used the words "alter or amend" instead of the word "modify."[1] While better practice calls for counsel to identify the rule upon which he or she is proceeding, the failure to do so is not fatal to the party's claim. *Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) ("Although Ms. Norman did not specify upon which rule she based her motion, we consider it a motion under FED. R. CIV. P. 59(e) to alter or amend a judgment because 'any motion that draws into question the correctness of the judgment is functionally a motion under FED. R. CIV. P. 59(e), whatever its label.'").

The motion was timely filed, just five days after the judgment was entered. *See* FEDERAL RULES OF CIVIL PROCEDURE 59(e) and 6(a), and *Parkus v. Delo*, 985 F.2d 425 (8th Cir. 1993). Furthermore, the issue of whether a dismissal is properly "with prejudice" or "without prejudice" may be raised through a Rule 59(e) motion to alter or amend the judgment. *Wright v. Anthony*, 733 F.2d 575 (8th Cir. 1984).

Local Rule 41.b is clear and unambiguous. The Rule provides that under certain circumstances, and after giving appropriate notice, the Clerk of Court will "enter an order dismissing a civil action *without prejudice*." (emphasis added) In her response, Singh complains that Plaintiff engaged in "delaying tactics" and "bad faith posturing" and failed to allege any "facts or circumstances which justify or excuse this intentional failure to

---

[1] *See* VGM's Reply at 1 (docket number 20 at 1).

cooperate in the scheduling of the Rule 26 conference."[2] Nothing in the local rules suggests, however, that the Clerk of Court may dismiss an action with prejudice if he makes a finding that Plaintiff engaged in delaying tactics, or bad faith, or intentionally failed to cooperate in submitting a proposed scheduling order and discovery plan. Accordingly, Singh's allegations in that regard, even if true, are not relevant to the issue of whether the Clerk of Court had authority to dismiss the action with prejudice.[3]

The Court concludes that the Clerk of Court exceeded his authority and violated the terms of Local Rule 41.b when he dismissed this action with prejudice. Pursuant to the Rule, the action should have been dismissed without prejudice. Accordingly, VGM's motion to amend the judgment will be granted.

### ORDER

IT IS THEREFORE ORDERED that the Motion to Modify Dismissal Order (docket number 18) filed by the Plaintiff on July 7, 2009 is hereby **GRANTED**. The Clerk of Court shall file an amended dismissal order, indicating that the action is dismissed without prejudice.

DATED this 31st day of July, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[2] *See* Singh's Response to Motion to Modify Dismissal Order at 6 (docket number 19 at 6).

[3] Singh's Response also discusses at some length the merits of VGM's contract claim and settlement discussions which occurred between the parties. Those matters are irrelevant to the issue of whether the Clerk of Court exceeded his authority in dismissing this lawsuit with prejudice.